## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ROGER FALÚ-DÍAZ,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

**Civil No. 19-2010 (PAD)**

**Related to Criminal No. 15-462 (51) (PAD)**

### MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the Court is Roger Falú-Díaz's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Docket No. 1), which the Government opposed (Docket No. 5).[1]  For the reasons explained below, the petition must be denied and the case dismissed.

### I.       BACKGROUND

On July 17, 2015, Mr. Falú-Díaz was charged in Counts 1-3 of a 9-count Indictment involving 105 defendants (Criminal No. 15-462 Docket No. 3).  Count 1 charged a Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy covering Mr. Falú-Díaz and others in connection with a criminal organization known as "La Rompe ONU," dedicated to the sale and distribution of narcotics in Puerto Rico, in violation of 18 U.S.C. § 1962(d) (id., pp. 8-50); Count 2 charged Mr. Falú-Díaz with conspiracy to possess with intent to distribute a controlled substance within a protected location in violation of 21 U.S.C. §§ 846, 860 (id., pp. 51-54); and

---

[1] The motion will be referred to as "petition."

Falú-Díaz v. United States of America
Civil No. 19-2010 (PAD)
Memorandum and Order
Page 2

Count 3 charged him with using and carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  Id. at pp. 54-56.

On February 5, 2016, Mr. Falú-Díaz pled guilty to Counts 1 and 3 under a Plea Agreement (Criminal No. 15-462, Docket Nos. 1019-1021).   In the Stipulation of Facts, Mr. Falú-Díaz recognized that one of the racketeering acts he agreed to participate in was a conspiracy to possess with intent to distribute controlled substances (Criminal No. 15-462, Docket No. 1019, p. 13), and that he was a seller and an enforcer in the conspiracy.  Id. at p. 14.   Further, he accepted that he used and carried firearms during and in relation to a drug trafficking crime as charged in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A).  Id.

On July 13, 2016, Mr. Falú-Díaz was sentenced to 96 months of imprisonment as to Count One and 60 months of imprisonment as to Count Three to be served consecutively to each other, for a total term of imprisonment of 156 months; a supervised release term of five years as to each Count to be served concurrently with each other, and a special monetary assessment of $100.00 per Count, for a total of $200.00 (Criminal No. 15-462 Docket No. 1946).  Judgment was signed on July 13, 2016 and entered the same day (Criminal No. 15-462 Docket No. 1947, p. 1).   On August 4, 2016, Mr. Falú-Díaz filed a Notice of Appeal (Criminal No. 15-462 Docket No. 2062). On December 14, 2017, the First Circuit affirmed the conviction and sentence (Criminal Docket Nos. 3402 and 3414).  On October 15, 2019, Mr. Falú-Díaz certified that he had placed the petition in the prisoner mailing system (Civil No. 19-2010, Docket No. 1, at p. 11).[2]

---

[2] The petition was timely filed within one year of the Supreme Court's ruling in United States v. Davis, 139 S.Ct. 2319 (2019), upon which the petition is based.  See, Civil No. 19-2020, Docket No. 1, p. 4 (referring to Davis as "newly decided authority").

Falú-Díaz v. United States of America
Civil No. 19-2010 (PAD)
Memorandum and Order
Page 3

## II.    DISCUSSION

Mr. Falú-Díaz claims that the conviction is invalid under Davis because the conviction for Count 1 (RICO conspiracy) is not considered a crime of violence, and that being so, the conviction under 924(c) cannot stand (Docket No. 1, p. 4; Docket No. 1-1, p. 7).  As background, in Johnson v. United States, 576 U.S. 591 (2015), the Supreme Court examined whether the "residual clause" of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.  Id. at 593.  The ACCA provides for enhanced penalties for defendants with 3 qualifying prior felony convictions for either serious drug offenses or violent felonies.  Id. at 593-594.  And it defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.  Id.  The underlined portion is known as the ACCA's "residual clause."  Id. at 594.  The Supreme Court held that the clause is unconstitutionally vague because its application was too "wide-ranging" and "indeterminate."  Id. at 597.  In Welch v. United States, 578 U.S. 120 (2016), the Supreme Court ruled that Johnson "announced a substantive rule that has retroactive effect in cases on collateral review."  136 S.Ct. at 1268.

In Sessions v. Dimaya, ---U.S.----, 138 S.Ct. 1204 (2018), the Supreme Court applied Johnson to invalidate a residual clause used in the Immigration and Nationality Act, which in turn rendered deportable any alien convicted of an "aggravated felony" after entering the United States.  See, Dimaya, 138 S.Ct. at 1210-1211 (describing provision).  An "aggravated felony" includes "a crime of violence" as defined in 18 U.S.C. § 16, for which the term of imprisonment is at least one

Falú-Díaz v. United States of America
Civil No. 19-2010 (PAD)
Memorandum and Order
Page 4

year.  Section 16's definition of "crime of violence" is divided into two parts, often known as the elements clause, § 16(a), and the residual clause, § 16(b).  Id. at 1211.  The residual clause defines a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the court of committing the offense."  Id.  The Supreme Court concluded that this clause produced, just as the ACCA residual clause did, more unpredictability and arbitrariness than the Due Process Clause tolerated.  Id. at 1216.

In Davis, the Supreme Court applied Johnson and Dimaya to the residual clause of Section 924(c).  See, Davis, 139 S.Ct. at 2325-2327, 2336 (analyzing clause).  Section 924(c)(1)(A) prohibits the possession of a firearm in furtherance of a "crime of violence" or "a drug trafficking crime."  Section 924(c)(3) defines a "crime of violence" in part as "an offense that is a felony and – (A) has an element of the use, attempted use, or threatened use of physical force against the person of another, or (B) involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Section A is known as the "force clause," whereas Section (B) is known as the "residual clause."  United States v. Cruz-Rivera, 904 F. 3d 63, 66 (1st Cir. 2018), cert. denied, 2019 WL 653118 (U.S. Mar. 25, 2019).  The Supreme Court invalidated the residual clause as "unconstitutionally vague," noting that it bore "more than a passing resemblance" to the provisions examined in Johnson and Dimaya.  Id. at 2325, 2336.

Unlike the situation in Davis, Mr. Falú-Díaz's conviction does not rest on Section 924(c)'s definition of a "crime of violence," but upon the use of a firearm in furtherance of a drug trafficking

Falú-Díaz v. United States of America
Civil No. 19-2010 (PAD)
Memorandum and Order
Page 5

crime.  So, Davis does not apply here.  See, Reynoso v. United States, 2021 WL 4724012, *3

(D.P.R. October 8, 2021)(because petitioner was convicted of possessing a firearm in furtherance

of a drug trafficking crime and not on Section 924(c)'s residual clause, Johnson, Dimaya and Davis

do not apply); United States v. Price, 2020 WL 516357, *6-*7 (W.D.Penn. January 23, 2020)

(Johnson, Dimaya and Davis do not invalidate convictions or sentences under Section 924(c) if

they are related to a "drug trafficking crime," rather than a "crime of violence"); Bell v. United

States, 2020 WL 2217255, *3 (D.Md. May 7, 2020) ("The definition of a 'drug trafficking crime'

does not contain the residual clause language that has been found unconstitutionally vague in

Johnson, Dimaya, and Davis"); United States v. Reid, 2018 WL 2336120, *2 (D.S.C. Feb. 6,

2018)(Johnson has no effect on convictions for Section 924 (c) based on drug trafficking crimes).[3]

### III.   CONCLUSION

For the reasons stated, Mr. Falú-Díaz's Motion under 28 U.S.C. § 2255 (Docket No. 1) is

DENIED and the case DISMISSED.  Judgment shall be entered accordingly.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the "Rules Governing Section 2255 Proceedings for the United

States District Courts," "[t]he district court must issue or deny a certificate of appealability when

it enters a final order adverse to the applicant." The court may issue a certificate of appealability

upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);

Jennings v. Stephens, 574 U.S. 271 (2015).  No such showing has been made in this case. Thus,

---

[3] Falú-Díaz's reliance on In re Gomez, 830 F.3d 1225, 1227 (11th Cir. 2016) is misplaced.  Contrary to Gomez, the record in this case shows that Falú-Díaz's Section 924(c) conviction was predicated on drug trafficking and that, in accepting responsibility in the Plea Agreement, he accepted that predicate act.

Falú-Díaz v. United States of America
Civil No. 19-2010 (PAD)
Memorandum and Order
Page 6

the court will not issue a Certificate of Appealability.  Petitioner may still seek a certificate directly

from the First Circuit Court under Federal Rule of Appellate Procedure 22.

       **SO ORDERED.**

       San Juan, Puerto Rico, this 10th day of November, 2021.

                    s/Pedro A. Delgado-Hernández
                    PEDRO A. DELGADO-HERNÁNDEZ
                    UNITED STATES DISTRICT JUDGE